FILED
SUPERIOR COURT
OF GUAM

2014 JUN 11 PM 5: 14

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

GOODWIND DEVELOPMENT
CORPORATION,

      Plaintiff,

vs.

JALE MANAGEMENT INFORMATION
SERVICES, INC. dba INFORMATION AND
DATA SERVICES, ROMY M. MICLAT, JR.,
ANICETA C. MICLAT AND GIL M.
MICLAT,

      Defendants.

_____

JALE MANAGEMENT INFORMATION
SERVICES, INC. dba INFORMATION AND
DATA SERVICES,

      Cross-Plaintiff,

vs.

BANK OF HAWAII and BANK OF GUAM

      Cross-Defendants.

Case No. CV 1419-06

DECISION AND ORDER ON
BANK OF GUAM'S MOTION TO
DISMISS FOR FAILURE TO
PROSECUTE

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on Cross-Defendant Bank of Guam's Motion to Dismiss for Failure to Prosecute. Attorney Anita P. Arriola represents Cross-Defendant Bank of Guam (Bank of Guam), while Information and Data Services (IDS) has no counsel of record and did not appear. For the reasons set forth below, the Court grants the Motion.



ORIGINAL

## DISCUSSION

On November 20, 2006 Plaintiff Goodwind Development Corporation commenced this action against IDS for breach of contract. On September 28, 2007, IDS filed cross-claims against Defendants Bank of Hawaii and Bank of Guam, alleging tortious interference of contractual relations and negligence. On January 13, 2008, this Court granted a motion to withdraw filed by IDS' counsel. On September 30, 2008, Bank of Hawaii moved for summary judgment; IDS filed no opposition. On July 1, 2009, this Court granted Bank of Hawaii's motion for summary judgment.

Nothing transpired in this case until January 31, 2014, when Bank of Guam filed its unopposed Motion to Dismiss pursuant to Guam Rules of Civil Procedure 41(b) and 78 and 7 GCA § 7101. Bank of Guam asserts that, in the time since IDS' counsel withdrew, "IDS has failed to appear in the case[, . . .] [n]o settlement discussions have been held between the parties[,] IDS has not conducted any discovery on its cross-claim[, . . . and IDS] has not taken any action to prosecute the cross-claim for more than six years, since the filing of its cross-claim in 2007." Bank of Guam further asserts that "IDS is now defunct and it is unknown where IDS' records are located or whether its principals continue to reside in Guam." Bank of Guam argues that it is within the Court's discretion to dismiss the case for failure to prosecute and the Court should exercise its discretion to do so on the facts presented here.

Rule 41(b) provides, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Further, Rule 41(b) provides that such a dismissal "operates as an adjudication upon the merits" unless the Court specifies otherwise in its order for dismissal. To determine whether dismissal is an appropriate sanction, the Court may consider the following factors: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring the disposition of cases on their merits; and 5) the availability of less drastic sanctions." Park v. Kawashima, 2010 Guam 10, ¶ 10 (quoting Santos v. Carney, 1997 Guam 4, ¶ 5). A plaintiff bears the burden to demonstrate the delay is reasonable and that the defendant is not prejudiced by the delay. Park, 2010 Guam 10, ¶ 11 (citing Santos, 1997 Guam 4, ¶ 5).

The record plainly reveals that the delay is inexcusable and dismissal is appropriate. This case has lain dormant for six years, and IDS failed to oppose the instant Motion despite the

fact that the Court and Bank of Guam provided notice to IDS and its principals of record. The history of this case is antithetical to the notion of expeditious litigation and, moreover, the Court's docket should not be burdened by claims that plaintiffs fail to pursue. Likewise, Bank of Guam has suffered prejudiced insofar as the case's status has been uncertain for such a prolonged period and insofar as the delay contributed to erosion of witnesses' recollections. Although the law undoubtedly favors disposition of a case on its merits, in the instant matter it is evident that IDS opted not to pursue such a resolution and, indeed, the only appropriate sanction under these circumstances is dismissal. The Court, mindful of the factors set forth above, concludes that each factor weighs heavily in favor of dismissal. Accordingly, the Court grants Bank of Guam's Motion.

## CONCLUSION

In light of the foregoing, the Court GRANTS the Bank's Motion to Dismiss for Failure to Prosecute. The case is hereby dismissed with prejudice.

**IT IS SO ORDERED** this day of June 10, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

_____

_____

Date:_____ Time: _____

_____
Deputy Clerk, Superior Court of Guam